Cook v Silva (2026 NY Slip Op 01298)

Cook v Silva

2026 NY Slip Op 01298

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 155891/17|Appeal No. 6020|Case No. 2024-07360|

[*1]Travis T. Maclean Cook etc., et al., Plaintiffs-Respondents,
vSamuel S. Silva et al., Defendants-Respondents, The City of New York, et al., Defendants-Appellants, Hudson River Park Trust, et al., Defendants.

Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for appellants.
Flanzig & Flanzig LLP, Mineola (Daniel Flanzig of counsel), for Travis T. Maclean Cook, respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for Samuel S. Silva and Vip Trim Work, LLC, respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered October 28, 2024, which denied the motion of defendants The City of New York and The New York City Department of Transportation (City DOT, and together with the City of New York, the City) for summary judgment, unanimously affirmed, without costs.
Plaintiff's decedent was killed at the intersection of Chambers and West Streets as she was riding a bicycle northbound in the designated bike lanes beside the West Side Highway. Plaintiff alleged that the City and the State of New York had negligently allowed simultaneous green lights for both right-turning vehicles and cyclists passing through the intersection in the bike lane, a system known as single phasing.
Supreme Court properly concluded that there was a triable issue of fact concerning the City's role in the design and phasing of the traffic signal system at the intersection of Chambers and West Streets. The City DOT's chief engineer of transportation in the Planning and Management Division testified that the design and plans for the traffic control signals were prepared by vendors hired by the State, but required City approval. Employees of the New York State Department of Transportation, including the area construction supervisor who oversaw the progress of the West Side Highway Route 9A promenade project and the construction director of the project testified to the same arrangement. In addition, the City DOT's then-acting borough chief stated that the design, maintenance, and repair of the traffic control signals were under the jurisdiction of the City. Other City DOT employees also testified that the City set the timing on the traffic control signals.
Contrary to the City's position, Highway Law article XII-B did not relieve the City of its nondelegable duty to keep the intersection reasonably safe. Even accepting the City's assertion that it could not unilaterally change the phasing of the traffic control signal, this fact would not relieve the City of potential liability to plaintiffs, as it was required to approve the designs, plans, and specifications that were prepared by vendors hired by the State (see Nowlin v City of New York , 81 NY2d 81, 87-88 [1993]; Gregorio v City of New York , 246 AD2d 275, 278-280 [1st Dept 1998], lv dismissed 93 NY2d 917 [1999]).
We have considered the City's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026